# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

HERBERT G. WILKINS,

    Plaintiff,

v.                                               Case No.11-C-540

DON CARMICHAEL, et. al.,

    Defendants.

## SCREENING ORDER

Plaintiff Herbert G. Wilkins is detained at the Wisconsin Resource Center ("WRC") pending proceedings under Wis. Stat. ch. 980, which provides for the civil commitment of sexually violent persons. Wilkens has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated. Defendants are ABC television station, WBAY (the local ABC affiliate), and Don Carmichael, the General Manager of WBAY. Wilkins complains that the defendants unlawfully filmed him before, during, and after court proceedings. The Court will address the following matters in order: Plaintiff's motion to proceed in *in forma pauperis*, screening Plaintiff's complaint, Plaintiff's request for appointment of counsel, and, finally, Plaintiff's motion to amend.

**1) Motion to Proceed *In Forma Pauperis***

I must first address Wilkens' request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Because Wilkins is confined pending a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act ("PLRA"), which, inter alia,

requires payment of the full filing fee over time, does not apply. *West v. Macht,* 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams,* 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U . S.C. § 1915(a)(1).

Plaintiff filed an affidavit of indigence. (Dkt. 2.) He states that he is employed at the Wisconsin Resource Center – where he earns $30 a month – but he has indicated that he has no other income or assets. Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, I have authority to order payment of a portion of the expense while waiving the remainder. *Bryan v. Johnson,* 821 F.2d 455, 457 (7th Cir. 1987). Here, I conclude Wilkins does not have sufficient income or assets to pay a meaningful portion of the filing fee. Accordingly, the entire filing fee will be waived.

**2) Screening of Plaintiff's Complaint**

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the Prison Litigation Reform Act, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir.2009) (citing *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir.2004)); *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal

3

construction. *See Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Here Wilkins alleges that on August 30, 2006 he was "illegally videotaped/voice recorded" by a WBAY television crew in conjunction with Plaintiff's court proceedings at the Brown County Circuit Court. (Compl. at 3.) Such taping and recording was done without Wilkins' consent or knowledge. (*Id.*) He claims he was "perp walked" in front of the video camera. Plaintiff, a mental health patient, also claims that his confidential patient medical information was taped and recorded. (*Id.* at 4.) He seeks an injunction, declaratory relief, and compensation of $1,000 per day from August 22, 2006 forward. Plaintiff also asks for appointment of counsel. (*Id.* at 5.)

Wilkins cannot proceed with his federal claim under § 1983 because Defendants are not state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ("the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (omitting citations and quotations); *See also Gayman v. Principal Fin. Servs., Inc.,* 311 F.3d 851, 852-53 (7th Cir.2002). Here WBAY, ABC Television, and WBAY's General Manager are not state actors. They are private citizens unconnected to the state. Accordingly, these Defendants were not acting under color of state law when they allegedly harmed Wilkins, and as a result, they cannot be held liable under Section 1983. His claims must be dismissed for failing to state a claim on which relief may be granted.

**3) Motion to Appoint Counsel**

Plaintiff's complaint includes a request for appointment of counsel. (Compl. at 5.) Indigent civil litigants, whether incarcerated or not, have no constitutional or statutory right to be represented by counsel in a civil case they commence in federal court. *McKeever v. Israel*, 689

4

F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent civil litigant, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Here, Plaintiff has submitted detailed and coherent pleadings evidencing an ability to represent himself. Moreover even a gifted attorney would be unable to convert the Defendants in this case into state actors amenable to suit under Section 1983. For these reasons Plaintiff's request for court recruited counsel will be denied.

**4) Motion to Amend**

Plaintiff signed his complaint on June 1, 2011. The very next day Plaintiff signed a three page motion to amend his complaint, which he has filed with this Court. (Dkt. 4.) The motion to amend fails to comply with Civil L. R. 15 because it does not "reproduce the entire pleading as amended" as required; instead Plaintiff improperly attempts to incorporate his June 1, 2001 complaint by reference. *See* Civil L. R. 15(a). For this reason the motion to amend will be denied.

While Plaintiff's motion to amend will be denied this Court *has* considered the arguments and contentions contained therein in the process of screening Plaintiff's complaint. Essentially Plaintiff seeks to add the fact that Defendants failed to comply with Wisconsin rules governing electronic media and still photography coverage of judicial proceedings. *See* Wisconsin Supreme Court Rules 61.01-12. In sum Plaintiff alleges the news station did not obtain permission from the court before recording court proceedings. But, even accepting these allegations as true, plaintiff's complaint still must be dismissed because "the need to obtain official approval" does not "turn private action into public action." *Gayman v. Principal Fin. Servs., Inc.,* 311 F.3d at 853. Put another way, Defendants do not become state actors – subject to suit under § 1983 – simply because they failed to comply with state rules. Further, violation of state law is not a federal claim.

5

**NOW THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **granted** and the entire filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **denied.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend (Dkt. 4) is **denied.**

**IT IS FURTHER ORDERED** that this action is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS FURTHER ORDERED** that the clerk of court enter judgment of dismissal.

Dated this   7th   day of June, 2011.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge