UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HERBERT G. WILKINS,

   Plaintiff,

 v.               Case Nos. 11-C-579 and 11-C-540

DON CARMICHAEL, et. al.,

   Defendants.

**ORDER DENYING MOTIONS FOR RECONSIDERATION**

   This Court dismissed two cases Plaintiff Herbert G. Wilkins' filed under 42 U.S.C. § 1983 because the defendants are not state actors. Wilkins now moves for reconsideration or, alternatively, for a certificate of appealiablity.

   A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Here, Wilkins' claims are without merit – and reconsideration is not warranted – because Defendants are *not* state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (omitting citations and quotations). As explained in this Court's prior order dismissing Wilkins' complaint in Case No. 11-cv-0540, Defendants cannot be liable under § 1983 because they were not acting under color of law when Wilkins was filmed. (Decision and Order dated June 8, 2011 in *Wilkins v. Carmichael,* Case No. 11-cv-0540 (E.D. Wis. 2011).) The exact same rationale supports this Court's dismissal of Plaintiff's later lawsuit, *Wilkins v. Carmichael*, Case No. 11-cv-0579 (E.D. Wis. 2011.)

For these reasons Wilkins' motions for reconsideration (Dkt. 9 in Case No. 11-cv-540 and Dkt. 11 in Case No. 11-cv-579) are **denied.** Wilkins' alternative motions for a certificate of appealability are also **denied** because, on June 20, 2011, I certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Wilkins offers bonafide arguments supporting his appeal. Wilkins has offered no such arguments.

**SO ORDERED** \_\_5th\_\_\_ day of July, 2011.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge